IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ANDRE BAILEY | CRIMINAL ACTION<br><br>No. 23-498-KSM |

**MEMORANDUM**

MARSTON, J.                                                                                                  October 31, 2024

*Pro se* Defendant Andre Bailey faces federal charges for unlawfully possessing a firearm, in violation of 18 U.S.C § 922(g)(1), and for possessing an unregistered firearm, in violation of 26 U.S.C § 5861(d). (Doc. No. 1 at 1–2.) Bailey has moved to dismiss the indictment on several grounds. (Doc. No. 59 at 1–3.) For the reasons stated below, the Court denies Bailey's motion to dismiss the indictment.

I.   **Background**

Andre Bailey is no stranger to the criminal justice system. He has been convicted of crimes in state court ranging from robbery to assault to drug trafficking.[1] In December 2005, Bailey pleaded guilty to nine different crimes across three separate cases in Luzerne County, Pennsylvania.

In the first case, he pleaded guilty to three counts of possessing a controlled substance with intent to deliver, in violation of 35 Pa. Cons. Stat. § 780-113(a)(30), plus one count of escape, in violation of 18 Pa. Cons. Stat. § 5121(a). (Doc. No. 64 at 2.) Bailey was ultimately sentenced to three to six years' imprisonment for each drug-related crime and one to two years'

---

[1] "The Court discusses [Bailey's] alleged prior convictions only for the purposes of ruling on [his] motion to dismiss, and not as a finding that the alleged prior convictions exist." *United States v. Palmer*, No. CR 22-00282 (GC), 2024 WL 3052096, at *5 n.3 (D.N.J. June 18, 2024).

imprisonment for the escape.² (*Id.*)  In the second case, he pleaded guilty to robbery of a motor vehicle, in violation of 18 Pa. Cons. Stat. § 3702(a), and to criminal trespass, in violation of 18 Pa. Cons. Stat. § 3503(a)(2)(ii).  In addition, he pleaded guilty to unlawful restraint, in violation of 18 Pa. Cons. Stat. § 2902(a), and simple assault, in violation of 18 Pa. Cons. Stat. § 2701(a).  (*Id.*)  He was sentenced to eighteen to thirty-six months of incarceration for robbery of a motor vehicle, nine to eighteen months for criminal trespass, six to twelve months for unlawful restraint, and six to twelve months for simple assault.  (*Id.*)  In the third case, he pleaded guilty to possession of a controlled substance with intent to deliver, in violation of 35 Pa. Cons. Stat. § 780-113(a)(30), and was sentenced to one to two years' imprisonment.  (*Id.*)

Bailey's current incarceration stems from an incident on May 31, 2023.  That day, a Philadelphia police officer pulled over Bailey while he was driving a blue Nissan Quest.  (Doc. No. 64 at 1.)  During the traffic stop, the police officer observed a firearm in the car.  (*Id.*)  Before the officer could investigate further, however, Bailey fled from police in his car.  (*Id.*; Doc. No. 76 at 2.)  Roughly twenty minutes later, the officer located the same blue Nissan Quest that Bailey had been driving parked and unoccupied in Northwest Philadelphia.  (Doc. No. 64 at 1; Doc. No. 76 at 2.)  Detectives got a search warrant for the car and recovered three rifles.  (Doc. No. 76 at 2.)  One of the firearms was a short-barreled rifle that was not registered in the National Firearms Registration and Transfer record.  (Doc. No. 64 at 2.)

On November 30, 2023, a federal grand jury returned a bill of indictment charging Bailey with possessing a firearm after previously being convicted of a crime punishable by more than a year of imprisonment, in violation of 18 U.S.C. § 922(g)(1),³ and with possessing an

---

² All four sentences ran concurrent to each other.  (Doc. No. 64 at 2.)

³ 18 U.S.C. § 922(g)(1) forbids any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" from "possess[ing] . . . any firearm or

unregistered firearm, in violation of 26 U.S.C § 5861(d).  (Doc. No. 1.)  He was arraigned on December 5, 2023, and moved to proceed *pro se*.  (Doc. No. 64 at 2.)  After conducting a *Peppers* colloquy, the Court granted his request but appointed standby counsel.[4]  (*Id.*)  Later that month, Bailey moved to dismiss the indictment arguing that (1) this Court lacks jurisdiction over him as a Moor Aborigine; (2) federal law is inapplicable because the offense occurred in Pennsylvania; and (3) the indictment is in violation of the Peace and Friendship Treaty of 1787.  (Doc. No. 11.)  As none of these arguments had merit, the Court denied his motion on March 8, 2024.  (Doc. No. 27.)

On June 13, 2024, Bailey moved to dismiss the indictment again.  (Doc. No. 59.)  This time, he raised several new issues that—when liberally construed—could have some merit.  (*Id.* at 1–2.)  But he also made some similar arguments to those in his first motion to dismiss.  (*Id.*)  The next day, the Court ordered the government to respond to Bailey's new arguments, and the government did so a week later.  (Doc Nos. 61, 64.)  Bailey then filed three reply briefs in further support of his motion to dismiss.  (Doc. Nos. 66, 67, 73.)  Bailey's second motion to dismiss the indictment is now ripe.

II.     **Discussion**

In his motion to dismiss, Bailey presents many grounds that allegedly warrant the dismissal of the indictment.  The Court will first address Bailey's new arguments: whether the

---

ammunition."  Although Pennsylvania law categorizes some of Bailey's past crimes as misdemeanors, each one is punishable by more than one year of imprisonment, making Bailey ineligible to possess a firearm under this statute.  (*See* Doc. No. 64 at 2–3.)

[4] A *Peppers* colloquy refers to the Third Circuit's seminal decision in *United States v. Peppers*, 302 F.3d 120 (3d Cir. 2002).  In *Peppers*, the Third Circuit outlined a "useful framework for the court to assure itself that a defendant's decision to proceed *pro se* is knowing and voluntary."  *Id.* at 136.

government violated its discovery obligations, whether the officer had reasonable suspicion for the traffic stop, whether § 922(g)(1) is constitutional, and whether there were any issues with the grand jury indictment, his arrest, and his arraignment.  (Doc. No. 59 at 1–2.)  The Court will then turn to Bailey's remaining arguments,[5] which are meritless.  When evaluating his motion to dismiss, the Court is mindful that dismissal is a "drastic remedy," *United States v. Morrison*, 449 U.S. 361, 365 n.2 (1981), that should be "infrequently utilized," *United States v. Birdman*, 602 F.2d 547, 559 (3d Cir. 1979).  *See also United States v. Blatt*, No. CRIM. A. 06-268, 2007 WL 3287397, at * 2 (E.D. Pa. Nov. 5, 2007) ("Dismissal of an indictment is an 'extreme remedy' reserved only for the most egregious abuses of the criminal process." (citations omitted)).

      **A.**      **The government has not violated its discovery obligations.**

To begin, Bailey takes issue with the alleged lack of pretrial discovery from the government.  (Doc. No. 59 at 1.)  Unlike the "wide-ranging discovery in civil cases," criminal discovery is much narrower.  *United States v. Ramos*, 27 F.3d 65, 68 (3d Cir. 1994); *see also United States v. Casseus*, 282 F.3d 253, 257 (3d Cir. 2002) ("[I]t is clear that a criminal defendant does not have the right to full discovery of the government's case.").  The government's discovery obligations in criminal cases come from Rule 16 of the Federal Rules of Criminal Procedure, the Jencks Act, and the Due Process Clause of the Fifth Amendment.

First, under Rule 16, the government must disclose a defendant's written and oral statements, his prior record, certain documents and objects, reports of physical or mental examinations, and the government's expert witnesses.  Fed. R. Crim. P. 16.  Next, "[t]he Jencks

---

[5] Bailey makes several meritless arguments in his motion to dismiss.  He argues that (1) this Court lacks jurisdiction to hear this case; (2) only a violation of the Constitution can lead to federal charges; (3) police officers cannot testify as witnesses for the prosecution; and (4) he should be released from custody unless this Court accepts his "Special Deposit of Lawful Tender."  (Doc. No. 59 at 1–2.)

4

Act requires that after each government witness has testified on direct examination, the government must produce to the defense 'any statement' made by the witness which relates to his or her testimony." *Ramos*, 27 F.3d at 68 (quoting 18 U.S.C. § 3500(b)). Last, under the Due Process Clause, the Supreme Court has held that the government must disclose material, exculpatory evidence. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). "Materials that must be disclosed are those that go to the heart of the defendant's guilt or innocence and materials that might affect the jury's judgment of the credibility of a crucial prosecution witness." *United States v. Hill*, 976 F.2d 132, 134–35 (3d Cir. 1992).

Here, Bailey complains that the government has not turned over the names and addresses of the government's witnesses. (Doc. No. 59 at 1.) But "in no event is the [g]overnment required to divulge the identity of its witnesses in a noncapital case" before trial. *United States v. Addonizio,* 451 F.2d 49, 62 (3d Cir. 1971). Indeed, the Jencks Act does not require the government to turn over witness statements until after the witness has testified on direct examination.[6] 18 U.S.C. § 3500(b). Thus, the government has not violated any discovery obligation by declining to turn over the names and addresses of its witnesses at this time.

Bailey also seems to argue that the government has not provided complete discovery. (Doc. No. 59 at 1.) Yet the government represents to the Court that it has turned over its discovery, including police paperwork, records, Bailey's criminal history, the officer's body worn camera footage, a DNA analysis report, and two interstate nexus reports for the firearms

---

[6] The Court encourages the government to turn over all *Jencks* material three days prior to the start of trial to give Bailey and his standby counsel time to review the materials. *See United States v. Ramirez-Cervantes*, No. 22-226, 2023 WL 8595928, at *3 (W.D. Pa. Dec. 12, 2023) ("A court can encourage the government to provide the defense with Jencks Act materials in time to avoid unnecessary delays during trial."). This will allow the Court to immediately proceed to cross-examination of witnesses rather than require a break in the proceedings.

that form the basis of the indictment.[7]  (Doc. No. 64 at 6–7.)  Bailey has made no allegations that the government is withholding any material or exculpatory evidence or has not complied with Rule 16.  There are no grounds for the Court to dismiss the indictment based on discovery violations.[8]

### B. Bailey's Fourth-Amendment claim belongs in a suppression motion.

Second, Bailey alleges that "there was no reasonable articulable suspicion, or a single articulable fact that a crime was committed to perform a traffic stop."  (Doc. No. 59 at 1.)  In other words, Bailey contends that the traffic stop was unconstitutional because the police officer did not have reasonable suspicion to pull him over.[9]  But he never explains why this allegedly unconstitutional stop would be a permissible basis for this Court to dismiss the indictment.  This argument properly belongs not in a motion to dismiss an indictment, but rather a motion to suppress evidence.[10]  *See United States v. Rodriguez-Melendez*, No. 1:12-CR-0091, 2014 WL

---

[7] The Court is aware that the United States Attorney's Office for the Eastern District of Pennsylvania follows an "open file" discovery policy and has no reason to think this is not being following in the instant case.  If the government is not providing discovery pursuant to the "open file" policy, the government must notify Defendant and the Court immediately.

[8] Even if there had been a discovery violation, Bailey has not shown that a dismissal of the indictment would be warranted.  For pretrial discovery violations, Rule 16 lets the Court choose the appropriate remedy.  The Court can: "(A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions; (B) grant a continuance; (C) prohibit that party from introducing the undisclosed evidence; or (D) enter any other order that is just under the circumstances."  Fed. R. Crim. P. 16(d)(2).  Here, even if there were some minor discovery violation, the Court would not resort to the "drastic remedy" of dismissing the indictment.  *Morrison*, 449 U.S. at 366 n.2.

[9] In two of his reply briefs, Bailey challenges the traffic stop and subsequent search of his car on several other grounds.  First, he says that police officers searched his car without a warrant.  (Doc. No. 66 at 1-2; Doc. No. 67 at 2–3.)  Next, he argues that he did not need a driver's license, registration, or insurance if he was not engaging in interstate commerce and thus, the Philadelphia police had no "[j]urisdiction to conduct a traffic stop."  (Doc. No. 73 at 1.)  Last, he claims that he did not consent to the search of his car.  (*Id.*)  Because these constitutional challenges properly belong in a motion to suppress, however, the Court need not address them now.

[10] Bailey has mentioned on several occasions that he intends to file a motion to suppress yet the argument in the pending motion to dismiss is all that has been presented to date.  The Court liberally

4057858, at *1 (M.D. Pa. Aug. 14, 2014) (denying a motion to dismiss an indictment because "allegations [of unconstitutional searches], even if true, would not warrant dismissal of an indictment[,] . . . [rather] the court could suppress any evidence obtained as a result of those searches after a properly filed motion to suppress."). The Court cannot dismiss an indictment based on "predictions as to what the trial evidence will be," so this ground cannot justify dismissing the indictment. *United States v. DeLaurentis*, 230 F.3d 659, 661 (3d Cir. 2000); *see also Rodriguez-Melendez*, 2014 WL 4057858, at *1.

      **C.**      **Section 922(g)(1) is constitutional as applied to Bailey and on its face.**

Third, Bailey makes a constellation of arguments about the constitutionality of § 922(g)(1). For one, he argues that he did "not lose any [c]onstitutional rights" based on his prior convictions. (Doc. No. 59 at 2.) For another, he challenges the statement that "§ 922(g)(1) is a facially constitutional restriction on an individual's Second Amendment right." (Doc. No. 67 at 3 (quoting *United States v. Hedgepeth*, 700 F. Supp. 3d 276, 286 (E.D. Pa. 2023)).) The Court liberally interprets these arguments as Bailey making both as-applied and facial challenges to § 922(g)(1), which forbids any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" from "possess[ing] . . . any firearm or ammunition." *Hedgepeth*, 700 F. Supp. 3d at 277 (quoting 18 U.S.C. § 922(g)(1)). For efficiency purposes, the Court will follow "the usual judicial practice" and address Bailey's as-applied challenge before his facial one. *Connection Distrib. Co. v. Holder*, 557 F.3d 321, 327 (6th Cir. 2009) (internal quotation marks omitted).[11]

---

construes this argument as a motion to suppress and accordingly will schedule a hearing. The Court will allow limited supplemental briefing on the motion to suppress.

    [11] In its opposition to Bailey's second motion to dismiss, the government argues that the Court has already rejected these constitutional challenges. (Doc. No. 64 at 13–14.) But the Court has not done so. At oral argument on Bailey's first motion to dismiss, he confirmed that he was not arguing that

To succeed on his as-applied attack, Bailey must show that under the circumstances of his case, the application of § 922(g)(1) deprives him "of a constitutional right." *United States v. Marcavage*, 609 F.3d 264, 273 (3d Cir. 2010). The Second Amendment guarantees that "the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. "As an adult citizen, [Bailey] is one of the 'people' whom the Second Amendment presumptively protects[,]" even with his felony convictions. *United States v. Moore*, 111 F.4th 266, 269 (3d Cir. 2024) (citing *Lara v. Comm'r Pa. State Police*, 91 F.4th 122, 127 (3d Cir. 2024)). And his § 922(g)(1) charge punishes him "for quintessential Second Amendment conduct: possessing a [firearm]." *Id.* Thus, the government bears the burden of justifying the statute. *See N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 17 (2022); *United States v. Rahimi*, 144 S. Ct. 1889, 1897 (2024).

Here, the government cites to an overwhelming number of cases in this circuit where courts have found that § 922(g)(1) is constitutional as applied to dangerous felons like Bailey. (*See* Doc. No. 64 at 12–13.) As this Court explained in *Hedgepeth*, 700 F. Supp. 3d at 285, "there is [ample] historical evidence from the founding-era and beyond that supports the disarming of dangerous individuals." Indeed, "[a]s an original matter, the Second Amendment's touchstone is dangerousness." *Folajtar v. Att'y Gen. of the U.S.,* 980 F.3d 897, 924 (3d Cir. 2020) (Bibas, J., dissenting). Bailey qualifies as a dangerous person given his prior convictions for drug trafficking, robbing a motor vehicle, assault, and escape. *See, e.g.*, *United States v. Ransom*, No. 23-405 (Doc. No. 20 at 5) (E.D. Pa. Nov. 8, 2023) (finding § 922(g)(1)

---

§ 922(g)(1) was unconstitutional under the Second Amendment. (Mar. 7, 2024 Hr'g. Tr. at 9:24–10:6.) Rather, he believed that the Constitution did not apply to him. *Id.* Thus, the Court found that Bailey was not making a constitutional argument in his first motion to dismiss, and so, it did not address it in its order denying Bailey's motion. (*See* Doc. No. 27.) Because the government fully briefed the issue in its earlier filing, (Doc. No. 13 at 5–9), however, the Court did not order supplemental briefing on this issue.

constitutional as applied to a person previously convicted of drug trafficking offenses because there is a "strong and established connection between drug trafficking and violence"); *United States v. Smith*, No. 2:23-CR-00008, 2023 WL 6795807, at *4 (W.D. Pa. Oct. 13, 2023) ("§ 922(g)(1)'s ban on firearm possession by persons . . . who have been convicted of drug trafficking is consistent with our country's historic tradition of regulating firearms."); *United States v. Brown*, No. CR 20-260-1, 2023 WL 7021181, at *4 (E.D. Pa. Oct. 25, 2023) (rejecting an as-applied challenge to § 922(g)(1) from a defendant who had felony convictions for drug trafficking and "fleeing and eluding police"); *United States v. Blackshear*, No. CR 23-159, 2023 WL 5985284, at *3 (E.D. Pa. Sept. 14, 2023) ("[Defendant's] eight convictions—six of which involve drugs and two of which involve illegal gun possession—demonstrate that, if armed, he poses a danger to society."). Thus, this Court joins almost every other judge in this Circuit to uphold § 922(g)(1)'s constitutionality as applied to dangerous individuals like Bailey.

To succeed on his facial challenge, Bailey must "establish that no set of circumstances exists under which [18 U.S.C. § 922(g)(1)] would be valid." *United States v. Mitchell*, 652 F.3d 387, 405 (3d Cir. 2011) (quoting *United States v. Salerno,* 481 U.S. 739, 745 (1987)). Because § 922(g)(1) is constitutional as applied to Bailey, the Court finds that his facial challenge to the statute necessarily fails. See *Mitchell*, 652 F.3d at 415 ("Because the statute is constitutional as applied to [defendant], he has not shown that 'there is no set of circumstances' under which the statute may be applied constitutionally." (quoting *Salerno*, 481 U.S. at 745)). Thus, Bailey's arguments about the constitutionality of § 922(g)(1) fail and do not warrant the dismissal of the indictment.

### D. Bailey had no right to be present at the grand jury proceedings.

Fourth, Bailey says that this criminal prosecution is tainted because he "was not brought

to the grand jury proceeding when [the] indictment was granted." (Doc. No. 59 at 1.) While the grand jury is in session, Federal Rule of Criminal Procedure 6 provides that the only people who may be present are "attorneys for the government, the witness being questioned, interpreters when needed, and a court reporter or an operator of a recording device." Fed. R. Crim. P. 6(d)(1). Notably, this list "does not include the defendant." *United States v. Wright*, No. CIV.A. 12-1539, 2013 WL 5707876, at *3 (E.D. Pa. Oct. 18, 2013).

Bailey also complains that he was not given "a chance to rebut the case in front of the grand jury." (Doc. No. 59 at 1.) But this argument fares no better than his first. Because "the right to confrontation is a *trial* right," *Pennsylvania v. Ritchie*, 480 U.S. 39, 52 (1987), it "does not afford a criminal defendant the right to be present during grand jury proceedings," *United States v. Taylor*, No. CR 19-303 (RBW), 2023 WL 5417247, at *16 (W.D. Pa. Aug. 22, 2023). Thus, the Court finds that these claims do not warrant dismissing the indictment.

### E. There were no issues relating to Bailey's arrest and arraignment.

Fifth, Bailey challenges his arrest because he "was not properly served prior to being detained [and] should have been served with a warrant prior to seeing any magistrate." (Doc. No. 59 at 2.) Bailey first raised this challenge at oral argument on January 22, 2024. (Doc. No. 64 at 14.) This Court rejected it because no notice was required before he was detained. (*Id.*) Plus, at his arraignment, Bailey received a copy of the indictment, which informed him of the charges against him. (*Id.* at 14–15.) Because Bailey has raised no new grounds about defects in his arrest or pretrial detention, the Court denies his challenge.

### F. Bailey's remaining arguments are meritless.

Last, Bailey raises a whole host of meritless arguments. In several places in his motion to dismiss, he contends that this Court lacks jurisdiction to hear his case. (Doc. No. 59 at ¶¶ 2, 6,

12.)  But "where an indictment charges a defendant with violating the laws of the United States, [18 U.S.C. § 3231] provides the district court with subject matter jurisdiction and empowers it to enter judgment on the indictment."  *United States v. Potts*, 251 F. App'x 109, 111 (3d Cir. 2007).  Here, the indictment charges Bailey with violating two federal laws—18 U.S.C § 922(g)(1) and 26 U.S.C § 5861(d).  Thus, this Court has jurisdiction over this case.

Bailey next argues that these proceedings are unlawful because he has not violated the Constitution.  (Doc. No. 59 at 1.)  He assumes that only a violation of the Constitution can lead to federal charges.  That assumption is wrong.  Under the Commerce Clause, for example, Congress can prohibit certain felons from possessing firearms that have traveled in interstate commerce.  *See, e.g.*, *United States v. Gateward*, 84 F.3d 670, 672 (3d Cir. 1996) ("We therefore join eight courts of appeals in upholding the constitutionality of § 922(g)(1) as a valid exercise of the commerce power.").  So, the Court rejects Bailey's argument that his indictment must be dismissed because he did not violate the Constitution.

Bailey then says this Court should dismiss the indictment for lack of prosecution because police officers "cannot testify or be witnesses nor can prosecution, their testimony lacks subject matter jurisdiction."  (Doc. No. 59 at 1.)  But police officers can and do testify as witnesses for the prosecution.  *See, e.g.*, *United States v. Price*, 458 F.3d 202, 211 (3d Cir. 2006) (upholding testimony from a police officer in a criminal case).

Last, Bailey concludes by "invoking Equity Jurisdiction and exercising [his] right to equitable subrogation," which supposedly requires this Court to accept his "Special Deposit of a Lawful Tender."  (Doc. No. 59 at 1.)  He argues that if this Court does not accept his tender, he should be released immediately.  (*Id.*)  Defendant's argument is a nonstarter and invokes principles frequently rejected as "patently frivolous."  *Ellis v. Philadelphia County*, No. 1:21-

11

CV-298, 2022 WL 1491411, at *2 (W.D. Pa. Mar. 28, 2022) (collecting cases).  Thus, none of these grounds warrant dismissing the indictment either.

### III.  Conclusion

For the reasons above, the Court denies Bailey's motion to dismiss.  An appropriate order follows.