IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :

      v.                 :        CRIMINAL NO. 23-498

ANDRE BAILEY              :

### GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by its attorneys, David Metcalf, United States Attorney for the Eastern District of Pennsylvania, Meagan Gordon, Special Assistant United States Attorney for the District, and Michael Miller, Assistant United States Attorney for the District, hereby files this memorandum in aid of sentencing.

In 2023, Philadelphia police officers discovered three firearms in a vehicle owned by defendant Andre Bailey, a convicted felon.  The defendant's criminal history, as well as the circumstances of the instant crime, warrant a sentence of 60 months of incarceration, followed by three years of supervised release.

The Third Circuit has set forth a three-step process which the district courts must follow in compliance with the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005):

(1) Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before *Booker*.

(2) In doing so, they must formally rule on the motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and take into account our Circuit's pre-*Booker* case law, which continues to have advisory force.

(3) Finally, they are to exercise their discretion by considering the relevant § 3553(a) factors in setting the sentence they impose regardless whether it varies from the sentence calculated under the Guidelines.

*United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006) (quotation marks, brackets, and citations omitted) (citing *United States v. King*, 454 F.3d 187, 194, 196 (3d Cir. 2006)).

At the third step of the sentencing process, the Court must consider the advisory guideline range along with all the pertinent considerations of sentencing outlined in 18 U.S.C. § 3553(a) in determining the final sentence. "The record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors. . . . [A] rote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises 'a ground of recognized legal merit (provided it has a factual basis)' and the court fails to address it." *United States v. Cooper*, 437 F.3d 324, 329-30 (3d Cir. 2006) (citations omitted).

The government explains below its view of the proper consideration in this case of the advisory guideline range and of the Section 3553(a) factors, which support a within-guideline sentence in this case.

## I.       BACKGROUND

On November 30, 2023, a grand jury sitting in the Eastern District of Pennsylvania returned a two-count indictment against defendant Andre Bailey, charging him with one count of possession of a firearm by a felon, in violation of Title 18, United States Code, Section, 922(g)(1); and one count of possession of a firearm not registered in the national firearms registration and transfer record, in violation of Title 26, United States Code, Section 5861(d). On December 2, 2024, the defendant entered a plea of guilty to Counts One and Two, pursuant to a plea agreement with the government under Federal Rule of Criminal Procedure 11(c)(1)(C). During his change of plea hearing and colloquy on December 2, 2024, the defendant admitted to the conduct described in the government's Change of Plea Memorandum, dated November 28, 2024, and in paragraphs 12 – 17 of the Presentence Investigation Report ("PSR").

On the night of May 31, 2023, Philadelphia Police Officer Brad Momme stopped the defendant while the defendant was driving a Nissan Quest, VIN 5N1BV28U45N119172, which was owned by the defendant and had heavily tinted front and side windows.  Officer Momme observed an object in the vehicle that appeared to be an AR-15 style firearm.  The defendant sped away from the traffic stop after Officer Momme asked him about the firearm, and Officer Momme located the Quest later that night in Philadelphia while the vehicle was parked and unoccupied.

On June 1, 2023, Philadelphia police detectives searched the Quest pursuant to a warrant and discovered three firearms inside of it: an Aero Precision M5 rifle, bearing serial number US201757; an Anderson M15 .300 caliber rifle, bearing serial number 21395505; and an FGC 9 rifle that lacked a serial number.  At trial, Forensic Scientist Jean Hess would have testified that samples recovered from the Aero and FGC rifles contained the defendant's DNA, while DNA testing of the Anderson rifle was inconclusive.  Additionally, Officer Greg Welsh would have testified that all three firearms were operable, and that the FGC rifle had a barrel length of 4.75 inches.  ATF Specialist Sara Freeman would have testified that the FGC rifle was not registered to the defendant in the National Firearms Registration and Transfer Record, and ATF Special Agent Michael Orchulli would have testified that the Aero and Anderson rifles were manufactured outside the Commonwealth of Pennsylvania.

In 2006, the defendant was sentenced in the Luzerne County Court of Common Pleas to 18-36 months' imprisonment for robbery and 36-72 months' imprisonment for narcotics trafficking.  The defendant was then incarcerated by the Pennsylvania Department of Corrections from 2006 to 2010 and therefore, he knew that he had been convicted of a crime punishable by more than one year imprisonment.

II.    **<u>STATUTORY MAXIMUM PENALTY</u>**

The statutory maximum penalty for 18 U.S.C. § 922(g)(1) is 15 years' imprisonment, three years of supervised release, a fine of $250,000, and a $100 special assessment.

The statutory maximum penalty for 26 U.S.C. § 5861(d) is 10 years' imprisonment, three years of supervised release, a fine of $250,000, and a $100 special assessment.

The total maximum penalty for the defendant is 25 years' imprisonment, three years of supervised release, a fine of $500,000, and $200 special assessment.

### III.    SENTENCING GUIDELINES CALCULATION

The Probation Office correctly calculated the defendant's advisory guideline range as follows:

| | |
|---|---|
| Base Offense Level (USSG § 2K1.1) | 22 |
| Number of firearms (USSG § 2K2.1(b)(1)(A)) | +2 |
| **Adjusted Offense Level:** | **24** |

However, as the defendant has accepted responsibility, the offense level should be decreased by a total of three levels. USSG § 3E1.1(a)&(b). Therefore, the total adjusted offense level is 21. PSR ¶ 24-33.

Three of the defendant's prior convictions contribute to his criminal history category.

On December 6, 2005, the defendant pled guilty to multiple counts of possession with intent to deliver a controlled substance, and escape (CP-40-CR-0002502-2005). He was sentenced to 36 – 72 months of imprisonment. As a result, three criminal history points are added to the defendant's criminal history score. PSR ¶ 38. That same day, December 6, 2005, the defendant plead guilty to robbery of a motor vehicle, criminal trespass, unlawful restraint, and simple assault. The defendant was sentenced to 18 – 36 months of imprisonment. As a result, three criminal history points are added to the defendant's criminal history score. PSR ¶ 40. On May 3, 2019, the defendant was found guilty of possession of a controlled substance. As a result, one point is added to his criminal history

score, resulting in a total of seven points. PSR ¶ 44; 49. Thus, the defendant's Criminal History Category is IV. PSR ¶ 49.

As a result, the advisory guideline range is 57 – 71 months, based on Offense Level 21 and Criminal History Category IV. PSR ¶ 98.

## IV.    ANALYSIS

A thorough consideration of all of the sentencing factors set forth in 18 U.S.C. § 3553(a) suggests that the most appropriate sentence is one within the advisory guideline range of 57 – 71 months. Specifically, the agreed-upon sentence of 60 months is appropriate.

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). "These requirements mean that '[i]n the usual sentencing, . . . the judge will use the Guidelines range as the starting point in the analysis and impose a sentence within the range." *Peugh v. United States*, 133 S. Ct. 2072, 2083 (2013) (quoting *Freeman v. United States*, 131 S. Ct. 2685, 2692 (2011) (plurality opinion) (ellipsis in original)). "Common sense indicates that in general, this system will steer district courts to more within-Guidelines sentences." *Peugh*, 133 S. Ct. at 2084. "The federal system adopts procedural measures intended to make the Guidelines the lodestone of sentencing." *Id.*

In addition, this Court must also consider all of the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or

vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553(a).

**A. The nature and circumstances of the offenses and the history and characteristics of the defendant.**

The defendant committed the instant offense despite having multiple prior felony convictions. There is no question that the defendant knew he was not permitted to possess firearms in May 2023. However, the defendant demonstrated a gross disregard for the rule of law, not only by possessing firearms, but also by refusing to comply with Officer Momme's requests during the car stop and by fleeing.

The defendant has argued on multiple occasions that the federal government has no jurisdiction to enforce its laws against him.  A term of supervised release is necessary to ensure the defendant does not immediately return to criminal activity upon his release from incarceration, under the false belief that the law does not apply to him or for any other reason.

The court should consider the defendant's actions in this case, and his prior criminal history and behavior in sentencing the defendant to 60 months of incarceration, followed by three years of supervised release.

**B. The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.**

The defendant committed serious offenses when he illegally possessed three firearms. It is clear that the recommended term of imprisonment is required "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."  § 3553(a)(2).  Moreover, his actions demonstrate a complete disrespect for the law, as discussed

above. A sentence of 60 months will reflect the seriousness of the offenses to which the defendant has pled guilty and will promote respect for the country's firearm laws, especially during a crisis of gun violence.

### C. The need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.

The United States believes a sentence of 60 months will be significant enough to act as a deterrent to future criminal conduct. A sentence of 60 months will also mean the public would be protected from the defendant for five years. This will, hopefully, be sufficient and effective protection for the community.

Furthermore, such a sentence adequately addresses the need for general deterrence. By imposing a sentence of 60 months of incarceration upon the defendant, the Court can send a message to other criminal actors that illegally possessing firearms carries serious consequences, and hopefully deter others from doing the same.

### D. The need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The defendant has no educational or medical needs that justify reducing his sentence.

### E. The guidelines and policy statements issued by the Sentencing Commission and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

Finally, a sentence within the guideline range, which a sentence of 60 months is, will avoid creating an unwarranted disparity between the defendant and others who are similarly situated. Adherence to the recommended guideline range is the only course for assuring that the defendant's sentence is consistent with those imposed nationwide on similarly situated offenders, and thus complying with Section 3553(a)(6) and avoiding undue disparity.

**F. The need to provide restitution to any victims of the offense.**

Restitution is not an issue in this case. 18 U.S.C. § 3553(a)(7).

## V.    CONCLUSION

For these reasons, the government recommends that the Court impose a sentence of 60 months' incarceration, followed by three years of supervised release.

Respectfully submitted,

DAVID METCALF
United States Attorney


/s Meagan Gordon
MEAGAN GORDON
Special Assistant United States Attorney
MICHAEL MILLER
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that this Sentencing Memorandum has been served on the Filing User

identified below via mail and the Electronic Case Filing (ECF) system, respectively:

**Andre Bailey**
Inmate Number 76288-510
Federal Detention Center – Philadelphia
700 Arch Street
Philadelphia, PA 19106


**Timothy Wright, Esquire**
Federal Defender's Office
The Curtis Center Building
601 Walnut Street – Suite 540 West
Independence Square West
Philadelphia, PA 19106


/s Meagan Gordon
MEAGAN GORDON
Special Assistant United States Attorney
MICHAEL MILLER
Assistant United States Attorney


DATED:  May 30, 2025